UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UTOPIAN WIRELESS CORPORATION** | * | **CIVIL ACTION NO. 2:21-cv-444 F (2)** |
| **VERSUS** | * | **JUDGE MARTIN LC FELDMAN** |
| **ASSUMPTION HIGH SCHOOL AND ASSUMPTION PARISH SCHOOL BOARD** | * * | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

---

**AFFIRMATIVE DEFENSES, ANSWER AND RECONVENTIONAL DEMAND ON BEHALF OF ASSUPTION HIGH SCHOOL AND ASSUMPTION PARISH SCHOOL BOARD**

---

NOW INTO COURT come Defendants ASSUMPTION HIGH SCHOOL AND ASSUMPTION PARISH SCHOOL BOARD (hereinafter "Defendant" or "the Board"), who for Answer and Affirmative Defenses, submit the following:

**FIRST AFFIRMATIVE DEFENSE**

The lease at issue never commenced and has been abandoned. The initial term of the Lease was to start on the commencement date, which is defined in the Lease as "the date upon which the FCC has approved by Final Order the FCC Long Term Lease Application"[1]. By Plaintiff's own admission[2], the long-term lease application was never filed, therefore never approved by the FCC.

---

[1] See Lease (R. Doc.1, Attachment #2) at Section 2.1 "..the *Initial Term* of this *Agreement* begins on the *Commencement Date* and ends on the date that is ten years from the *Commencement Date*..."; Section 1.6.5 defines "Commencement Date" as "the date upon which the FCC as approved by *Final Order the FCC Long Term Lease Application*.
[2] Complaint (R. Doc. 1) at paragraph 19.

Accordingly, the lease never commenced and is of no force or effect or has been abandoned due to inactivity.

### SECOND AFFIRMATIVE DEFENSE

Alternatively, if the lease commenced, Plaintiff failed to perform its obligations under the lease, specifically non-payment of the Initial Fee of $75,000 or any Annual Fees in accordance with Section 3 of the Lease[3] and failure to submit the lease application in accordance with Section 10.1 of the Lease[4].

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are prescribed under Delaware law.

### FOURTH AFFIRMATIVE DEFENSE

The lease is time-barred by the equitable defense of laches.

### FIFTH AFFIRMATIVE DEFENSE

**Failure to Cure Material Breach.** Plaintiff's only payment of $4,000.00 in October, 2020[5] has not cured the Utopian's lease payment obligations. Said payment did not include the contractually required $75,000 initial payment, and did not include any interest as would be mandated by Delaware law. All pleadings filed by the Respondent herein have provided adequate

---

[3] See Lease at pg. 4, Section 3
[4] See Lease at pg. 8, Section 10.1.
[5] See check dated 10/26/2020, (R. Doc. 1, Exhibit 2)

notice to Utopian of its contract breach (see Defendant's Motion to Dismiss filed March 29th, 2021).

**SIXTH AFFIRMATIVE DEFENSE**

Upon information and belief, Utopian assigned the lease to UW-Houma, LLC, without approval of Defendant and therefore given up its rights to the lease. The charter of UW-Houma, LLC was revoked by the State of Louisiana and has no standing in this Court, nor is it a permissible contractee under Louisiana Law.

**SEVENTH AFFIRMATIVE DEFENSE**

The lease between the parties herein was not bid in accordance with Louisiana law. Hence, the signing of the lease was against public policy and done in contravention of Louisiana law constituting an absolute nullity.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant is entitled to recission of the agreement as a result of inaction by Utopian.

AND NOW FURTHER ANSWERING,

1.

The allegations of Paragraphs 1 through 3 of the Complaint are admitted.

2.

The allegations of Paragraph 4 of the Complaint are admitted insofar as the parties are citizens of different states. The remaining allegations regarding the amount in controversy, value of the leasehold interest, and remaining term of the lease are denied.

3.

The allegations of Paragraph 5 of the Complaint are admitted.

4.

The allegations of Paragraph 6 of the Complaint do not require an answer.

5.

The allegations of Paragraph 7 of the Complaint do not require an answer.

6.

The allegations of Paragraph 8 of the Complaint do not require an answer.

7.

The allegations of Paragraph 9 of the Complaint are admitted.

8.

The allegations of Paragraph 10 of the Complaint are admitted. (confirm the channels?)

9.

The allegations of Paragraph 11 of the Complaint are denied. While the Educational Broadband Service Lease Agreement attached to Plaintiffs Complaint was signed on December 21, 2007, Utopian fulfill obligations within the lease to cause it to "commence". Hence the lease is of no force and effect. Alternatively, if the lease commenced, no payments were made on the for over 13 years. Accordingly, Defendants deny that Utopian leases the Channels from Defendants.

10.

The allegations of Paragraph 12 of the Complaint relative to the parties being in the first ten-year term of the lease are denied. The remaining allegations reciting the language of the lease do not require an answer, but are admitted insofar as they are an accurate recitation of the language of the document.

11.

The allegations of paragraph 13 of the Complaint are admitted insofar as they are an accurate recitation of the document.

12.

The allegations of Paragraph 14 of the Complaint are admitted insofar as they are an accurate recitation of the language of the document.

13.

The allegations of Paragraph 15 of the Complaint are admitted insofar as they are an accurate recitation of the language of the document.

14.

The allegations of Paragraph 16 of the Complaint are admitted insofar as they are an accurate recitation of the language of the document.

15.

The allegations of Paragraph 17 of the Complaint are admitted insofar as they are an accurate recitation of the language of the document.

16.

The allegations of Paragraph 18 of the Complaint are admitted insofar as they are an accurate recitation of the language of the document.

17.

The allegations of Paragraph 19 of the Complaint are denied except to the extent that Defendant admits that Utopian failed to file the long-form lease with the FCC.

18.

The allegations of Paragraph 20 of the Complaint are denied as written.

19.

The allegations of Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 22 of the Complaint are admitted.

21.

The allegations of Paragraph 23 of the Complaint are denied as written.

22.

The allegations of Paragraph 24 of the Complaint are admitted.

23.

The allegations of Paragraph 25 of the Complaint are denied as written.

24.

The allegations of Paragraph 26 of the Complaint are denied as written.

25.

The allegations of Paragraph 27 of the Complaint are denied to the extent that Utopian implies or asserts that Defendant was responsible for filing the long form lease.

26.

The allegations of Paragraph 28 do not require an answer.

27.

The allegations of Paragraph 29 are denied. Further answering, the lease never commenced as the long-term lease application was never filed. Alternatively, Utopian's $4000.00 payment failed to cure Utopian's breach of the lease for non-payment, and the lease has been terminated.

28.

The allegations of Paragraph 30 are admitted insofar as Defendants believe that the Lease has terminated, is abandoned or rights asserted have prescribed or subject to laches.

29.

The allegations of Paragraph 31 are denied.

30.

The allegations of Paragraph 32 do not require an answer.

31.

The allegations of Paragraph 33 are denied. Further answering, under the terms of the Lease, Utopian was responsible for filing the initial long-term lease application[6] but never did so.

---

[6] See Lease, Section 10.1 – "Lessee will prepare and submit in its name all applications ,amendments, petitions, requests for waivers, and other documents necessary for the proper operation of *Lessee Capacity*"

32.

The allegations of Paragraph 34 are denied. Further answering, under the terms of the Lease, Utopian was responsible for filing the initial long-term lease application but never did so.

33.

The allegations of Paragraph 35 are denied.

34.

The allegations of Paragraph 36 do not require an answer.

35.

The allegations of Paragraph 37 are denied.

36.

The allegations of Paragraph 38 are denied.

**RECONVENTIONAL DEMAND**

Defendant is entitled to reimbursement of attorney's fees in accordance with Section 20.3 of the lease.

WHEREFORE, Defendants, ASSUMPTION HIGH SCHOOL and ASSUMPTION PARISH SCHOOL BOARD pray that this Answer be deemed sufficient and that after due proceedings there be judgment rendered in favor of ASSUMPTION HIGH SCHOOL and ASSUMPTION PARISH SCHOOL BOARD and against Petitioner, UTOPIAN WIRELESS

CORPORATION, LLC, dismissing its demands with prejudice at its costs and awarding of attorney's fees and costs in favor of Defendants.

          RESPECTFULLY SUBMITTED,

          */s/Patrick Amedee*

          LAW OFFICE OF PATRICK M. AMEDEE
          PATRICK M. AMEDEE, #02448
          CATHERINE MASTERSON, #32575
          627 Jackson Street, Suite B (70301)
          P. O. Box 1092
          Thibodaux, LA 70302-1092
          (985) 446-4811 (Telephone)
          (985) 446-4846 (Facsimile)
          Counsel for Defendants, Assumption High School and Assumption Parish School Board

## **CERTIFICATE**

I certify that on June 7th, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

        */s/Patrick Amedee*
        PATRICK AMEDEE